## Seth Williams *versus* The Inhabitants of Cummington.

*It seems*, that if the inhabitants of a town, in making a county road, deviate from the true location, they are estopped, in an action against them for an injury occasioned by its being out of repair, to deny their liability to maintain it as they have made it.

The erection and support of a bridge by a town and the use of it by the public, for thirty-eight years, is sufficient proof of its existence as a highway, on the presumption of a laying out, a grant or a dedication, to render the town liable for an injury occasioned by its being out of repair. [And see Revised Stat. c. 25, § 26.]

THIS was an action upon *St.* 1786, c. 81, § 7, to recover double damages for an injury occasioned by the defects of a bridge in Cummington, alleged to be upon a county road leading from the baptist meetinghouse in that town to Windsor.

At the trial, before *Wilde* J., the plaintiff offered in evidence the record of a county road between these termini, surveyed and established in 1797, and he proved that the road and the bridge upon it were soon after constructed where they now are, and that the defendants have ever since maintained them there. The defendants denied that the bridge was upon the county road as located, and by a survey according to the record, proved that the bridge was some rods aside from it. The jury were instructed, that the defendants could not set up

this mislocation of the road in defence of the action, and that the evidence was sufficient to show that the road as travelled had been dedicated to the public. If this instruction was correct, judgment was to be entered on the verdict.

*Bates*, *Dewey* and *Huntington*, for the defendants, contended, 1. that a user contrary to the record, was insufficient to establish a county road ; and 2. that a user for less than forty years will not have that effect. *Odiorne* v. *Wade*, 5 Pick. 421 ; *First Parish in Gloucester* v. *Beach*, 2 Pick. 60, note ; *Hinckley* v. *Hastings*, 2 Pick. 162; [but see 2d edit. Perkins's note ;] *Reed* v. *Northfield*, 13 Pick 95 ; *Kent* v. *Waite*, 10 Pick. 138 ; *St*. 1786, *c*. 67, § 7.

*Forbes*, for the plaintiff, cited *Gayety* v. *Bethune*, 14 Mass. R. 55 ; *Hill* v. *Crosby*, 2 Pick. 466 ; *Commonwealth* v. *Newbury*, 2 Pick. 60 ; *Commonwealth* v. *Low*, 3 Pick. 408 ; *Sargent* v. *Ballard*, 9 Pick. 251 ; *Livett* v. *Wilkinson*, 3 Bingh. 115 ; *Cincinnati* v. *White*, 6 Peters's Sup. Court R. 631 ; *Pomeroy* v. *Mills*, 3 Vermont R. 279 ; *Abbott* v. *Mills*, 3 Vermont R. 521 ; *State* v. *Catlin*, 3 Vermont R. 530 ; *Pritchard* v. *Atkinson*, 4 N. Hamp. R. 1 ; *Rowell* v. *Montville*, 4 Greenleaf, 270 ; *Todd* v. *Rome*, 2 Greenleaf, 55 ; *Estes* v. *Troy*, 5 Greenleaf, 368.

MORTON J. delivered the opinion of the Court. It is very clear that the use of the bridge by the public and the erection and support of it by the town for thirty-eight years, is sufficient proof of its existence as a highway.

It may well be doubted, whether a town, which, in making and repairing a highway, has by accident or design deviated from the true location, should be allowed to deny their liability to maintain it as they have made it. It would be a dangerous imposition upon the public, and their conduct should be deemed an estoppel *en pais.*

Long occupation and enjoyment unexplained, will raise a presumption of a grant, not only of an easement, but of the land itself ; and not only of a grant, but of acts of legislation and matters of record. And grants may be presumed not only to individuals and corporations, but to the Commonwealth. The statute of 1786, *c.* 67, § 7, was not intended to affect the existing modes of acquiring ways, public or private, but only

to establish the boundaries between existing ways, and public fields, and the adjoining owners.

Here were facts from which a laying out, a grant, or a dedication, might be presumed. The authorities cited by the plaintiff's counsel fully support all the above positions.

*Judgment on the verdict*